IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY ALAN BENNETT (#509793), | ) |
| Plaintiff, | ) |
| v. | ) No. 3:15-cv-00834 |
| | ) Senior Judge Haynes |
| BRUCE WESTBROOKS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff Corey Alan Bennett, a state inmate, filed this *pro se* action under 42 U.S.C. § 1983 with his application to proceed *in forma pauperis* (IFP). (Docket Entry No. 2).

In prior Orders, this Court has addressed Plaintiff's lengthy and abusive history of litigation in the district courts across Tennessee and the United States Court of Appeals for the Sixth Circuit. *Bennett v. Scott*, No. 3:15-cv-00729 (M.D. Tenn. July 15, 2015) (Memorandum and Order, Docket Entry No. 4) (Campbell J.); *Bennett v. Nicholson*, No. 3:15-cv-00482 (M.D. Tenn. July 23, 2015) (Memorandum and Order, Docket Entry Nos. 3 and 4) (Haynes, SJ.). As of July 15, 2015, the Court illustrated that Plaintiff had filed at least 72 federal actions in district courts in Tennessee. *Bennett v. Scott*, No. 3:15-cv-00729 (Docket Entry No. 4-1).

Plaintiff continues in this action to report falsely that he has brought only "29 separate lawsuits filed across TN." (Docket Entry No. 1, at 2). Plaintiff has had numerous federal civil actions dismissed either as being frivolous or for failure to state a claim, including: *Bennett v. Isaacs*, No. 3:13-cv-299 (E.D. Tenn. Oct. 10, 2013) (dismissing as frivolous and for failure to state a claim); *Bennett v. Sexton*, No. 3:13-cv-494 (E.D. Tenn. October 15, 2013) (dismissing as frivolous and for failure to state a claim); and *Bennett v. Sexton*, No. 3:13-cv-538 (E.D. Tenn.

October 15, 2013) (dismissing as frivolous and for failure to state a claim).

Beginning in November 2013, every federal district court in this state has held Plaintiff to be subject to the PLRA's 3-strikes provision. *Bennett v. Jones*, No. 3:13-cv-626 (E.D. Tenn. Nov. 12, 2013); *Bennett v. Roberts*, No. 1:14-cv-01113 (W.D. Tenn. May 21, 2014); *Bennett v. Carpenter*, No. 3:14-cv-1691 (M.D. Tenn. August 22, 2014). Yet, Plaintiff has filed more than 80 more actions and appeals since he was first held subject to the 3-strikes bar. *Bennett v. Scott*, No. 3:15-cv-00729 (M.D. Tenn. July 15, 2015) (Docket Entry No. 4-2).

As the Court has previously observed, Plaintiff intentionally crafts his allegations seeking to overcome the bar by alleging imminent danger and lecturing the Court about its duty to grant him IFP status and order service. *Bennett v. Scott*, No. 3:15-cv-00729 (M.D. Tenn. July 15, 2015) (Memorandum and Order, Docket Entry No. 4, at 3) (collecting cases). Plaintiff repeats that maneuver in this action:

> Due to the ongoing Beatings and injuries I've sufferred [sic] my life is clearly in imminent danger. The Court under Denton v. Hernandez, 25, 33, US, (1992) [sic] stated the Court must accept the allegations of imminent danger as true. The Court therefore <u>Cannot decline or deny</u> Forma Pauperis status just because it finds the allegations of Imminent Danger to be Improbably or unlikly [sic]. Therefore this Court must waive 3 strike provision due to my life being in imminent danger.
> . ..

(Docket Entry No. 1, Complaint at 11–12).

Under the Prison Litigation Reform Act of 1995 ("PLRA"):

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, a prisoner plaintiff who falls within the scope of § 1915(g)

must pay the filing fee unless he is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603–04 (6th Cir. 1998).

Plaintiff correctly asserts that federal courts may not reject complaints under the PLRA simply because they find the allegations improbable in the abstract, but the decision on which he relies for that principle reaffirms that the PLRA gives courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Factors a court may consider in making that determination include, but are not limited to, "judicially noticeable facts" that rebut the plaintiff's allegations. *Id.* at 32–33.

*Denton* addressed the standard to be employed in an initial review under 28 U.S.C. § 1915(d) of the complaint of a plaintiff who has been granted leave to proceed IFP. But there is no reason to assume that the standard should be less stringent for a § 1915(g) review of the complaint of an inmate who, like the Plaintiff, is already subject to a 3-strikes bar due to his abusive litigation practices. As the Third Circuit has explained:

> A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' *i.e.*, allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. *See Denton*, 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible. *See id.*

*Brown v. City Of Philadelphia*, 331 F. App'x 898, 900 (3d Cir. 2009) (affirming dismissal under § 1915(g) of complaint brought by inmate with "demonstrated [] pattern of abusing judicial

process," as evidenced by more than 30 meritless lawsuits in a decade). While a plaintiff seeking to proceed under § 1915(g) "need not affirmatively prove" his allegations of imminent danger in his complaint, the court's review of his allegations is fairly "informed by its judicial experience and common sense." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012) and *Taylor v. First Med. Mgmt*, 508 F. App'x 488, 492 (6th Cir. 2012)).

This Court's judicial experience and judicially noticeable facts establish that Plaintiff's present allegations are clearly baseless and wholly incredible. Plaintiff's first factual allegation is that on July 8, 2015, several defendants tried to kill him by giving him medications to which he is allergic, causing him to experience a coma in Vanderbilt Medical Center. (Docket Entry No. 1, at 7). Plaintiff alleges that he did not return to prison until July 11th. (*Id.*) But the Court takes judicial notice of the fact that on July 9, when Plaintiff now claims he was in the hospital and possibly in a coma, he was able to draft, sign and date a motion in one of his other pending cases and have it mailed from the prison mail room. *See Bennett v. Greggory*, No. 3:15-cv-00493 (M.D. Tenn. Motion July 9, 2015). Plaintiff's current complaint also alleges that at 11:30 p.m. on July 16, 2015, several of the defendants beat him unconscious and that he woke up again in Vanderbilt Medical Center with several serious injuries. (Docket Entry No. 1, at 8–9). Plaintiff alleges that he was interviewed in the hospital by agents of the Tennessee Bureau of Investigation and Federal Bureau of Investigation on July 18, 2015, and did not return to prison until the morning of July 19, 2015. (*Id.* at 9). But on July 17, 2015, just hours after he was allegedly beaten unconscious and hospitalized with serious injuries, Plaintiff signed, dated and placed into the Riverbend Maximum Security Institution mail room a motion for service packets in another

of his pending cases. *See Bennett v. Scott*, No. 3:15-cv-00729 (M.D. Tenn. Motion July 22, 2015).

Further, the only allegations in the complaint that would suggest any imminent threat to Plaintiff's well-being is the allegation that his health is deteriorating because he is being deprived of food and water. Plaintiff has repeatedly and routinely alleged that for at least the past ten months that he has been deprived of food and water. *Bennett v. Scott*, No. 3:15-cv-00729 (M.D. Tenn. July 15, 2015) (Memorandum and Order, Docket Entry No. 4, at 4) (collecting cases). This claim is being litigated in at least two pending actions in this District, and any threat to Plaintiff's health or life on that basis can thus be remedied in either of those cases. *See Bennett v. Parker*, No. 3:15-cv-00354 (M.D. Tenn. April 6, 2015) (Campbell, J.) (Order, Docket Entry No. 3, at 2, granting IFP and ordering service, noting Plaintiff's claim that he is being denied food and water at Riverbend); *Bennett v. Greggory*, No. 3:15-cv-00493 (M.D. Tenn. May 4, 2015) (Sharp, C.J.) (Order, Docket Entry No. 3, at 1, granting IFP and ordering service, noting Plaintiff's claim that "not feeding me is causing my health to deteriorate").

Thus, the Court concludes that Plaintiff's allegations in his complaint in this action are demonstrably false and that others are either incredible in light of Plaintiff's history of litigation or already the subject of pending litigation. Accordingly, the Court finds Plaintiff's current complaint does not allege plausible facts of imminent danger.

Accordingly, the motion to proceed *in forma pauperis* shall be denied.

An appropriate Order is filed herewith.

ENTERED this the 31st day of August, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge