# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| COREY ALAN BENNETT (#509793), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00834 |
| ) | Senior Judge Haynes |
| BRUCE WESTBROOKS, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Plaintiff Corey Alan Bennett, an inmate at Riverbend Maximum Security Institution in Nashville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983. (Docket Entry No. 1). Plaintiff also submitted his application to proceed *in forma pauperis* (IFP). (Docket Entry No. 2).

In accordance with the Memorandum filed herewith, pursuant to 28 U.S.C. § 1915(g) Plaintiff is not entitled to proceed without prepayment of the filing fee. Thus, Plaintiff's application to proceed as a pauper (Docket Entry No. 2) is **DENIED**.

Pursuant to *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002), the entire $400 fee is hereby **ASSESSED**, as follows: the custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's inmate trust account; or (b) 20% of the average monthly balance in Plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month,

1

but only when the amount in the account exceeds $10. Such payments must continue until the entire $400 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Riverbend Maximum Security Institution to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement.

Plaintiff's motion (Docket Entry No. 3) for appointment of counsel is **DENIED** as moot.

This is the Final Order in this action and any appeal from this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

**ENTERED** this the 31st day of August, 2015.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge